ISAAC KAVKY, RESPONDENT, v. JACOB HARRIS ET AL., APPELLANTS.

Argued October 21, 1925—Decided March 26, 1926.

1. The alleged trial errors in this case examined. There are no legal errors in the rulings of the trial court.
2. A charge to a jury in a case alleging false and fraudulent statements as to the dimensions of a city lot of land offered for sale—thus, "the fraud of an agent within the scope of his employment will invalidate a contract so procured by him for 'his principals' is an accurate statement of a well-settled legal principle." *Reitman* v. *Fiorillo*, 76 *N. J. L.* 815. The above principle was correctly applied by the trial judge to the facts of the case as disclosed by the record.

---

On appeal from the Atlantic County Circuit Court.

For the appellants, *Cole & Cole.*

For the respondent, *Bolte, Sooy & Gill.*

The opinion of the court was delivered by

BLACK, J. The trial of this case resulted in a verdict in favor of the plaintiff for $2,225. The cause of action as set

up in the plaintiff's complaint is based upon false statement
and representations. The alleged false statements were made
to Messrs. Beard & Webb, a firm of real estate brokers, con-
cerning property known as No. 140 North North Carolina
avenue, Atlantic City, New Jersey. The false statements
consist in stating the property contained thirty feet in front-
age by one hundred feet in depth, whereas, in fact and truth,
the property was only twenty feet in frontage and seventy-two
feet in depth. It is alleged that the false statements and
representations were made by the owners of the property, the
defendant, with the intent that the firm of real etsate brokers
would convey such false information to intending purchasers,
as an inducement to buy the property. This false informa-
tion was so transmitted by the real estate brokers to the
plaintiff, the purchaser of the property. The contract for
the purchase of the property was dated February 9th, 1923.
The contract was rescinded on April 27th, 1923. The suit
was brought to recover the $2,000 paid as a deposit. The
appellants' grounds of appeal are alleged trial errors.

They are argued under five points in the appellants' brief.

*First.* It was error to refuse the admission of *Exhibit D 2*
in evidence. This exhibit was a clipping from a newspaper,
the Atlantic City Evening Union, of Wednesday, February
28th, 1923, following the date of the agreement. It aver-
tised the property in question for sale. The property was
described as in the agreement. No dimensions being given.
It was objected to on the ground that there was no proof that
it was authorized by the plaintiff or that he ever saw it. The
court sustained the objection. It was also immaterial. The
ruling of the trial court was not error.

*Second.* It was error to refuse the offer in evidence of an
agreement dated January 11th, 1923, between the Commer-
cial Realty Company and the appellants Jacob Harris and
Ellis Chester. The appellants had not acquired title to
the property at the time of the agreement with the plain-
tiff, the respondent. They had a written agreement of
purchase with the Commercial Realty Company. This
was the agreement that was offered in evidence and rejected

by the trial court. There was no formal proof made of its execution, but, even so, it was immaterial and not relevant to the issue. The ruling of the trial court was not error.

*Third.* The trial court overruled this question on cross-examination of the plaintiff, Isaac Kavky: "Well, now, tell us just where you had it and let us see whether you did have it or not," *i. e.,* $1,000—this question was asked for the purpose of showing that the plaintiff was not financially able to make the purchase. As there had been a rescission of the contract, the question was immaterial. The ruling of the trial court was not error.

*Fourth.* The plaintiff should have been nonsuited. Not so. Questions of fact were involved. These were for the jury to settle and not the court.

*Fifth.* Error in the charge of the trial court to the jury, thus: "The fraud of an agent within the scope of his employment will invalidate a contract so procured by him for his principals. Where a person acts for another who accepts the fruits of his effort, the latter must be deemed to have adopted the method employed, as he cannot, even though innocent, receive the benefits and at the same time disclaim the responsibility for the means by which they were acquired. To reap the benefits of a contract, you must accept the responsibility." It is conceded that in this there was stated a correct legal principle by the trial court (*Reilman* v. *Fiorillo,* 76 *N. J. L.* 815), but it is argued that it was erroneous, as applied to the facts of this case. Not so. We find no error here in the charge.

The judgment of the Atlantic County Circuit Court is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 13.

*For reversal*—None.